**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Baluma, S.A., | Case No.: 2:20-cv-01424-JAD-EJY |
| Plaintiff | |
| v. | **Order Denying Motion to Dismiss** |
| Benjamin Sriqui, | [ECF No. 5] |
| Defendant | |

This contract dispute arises from defendant Benjamin Sriqui's failure to repay $100,000 that he borrowed in 2019 from Enjoy Punta del Este, a coastal resort and casino in Uruguay.[1] To borrow the money, Sriqui signed an agreement that contained a forum and choice-of-law clause subjecting the agreement, Sriqui, and any disputes to Nevada's courts and laws.[2] So the casino sued Sriqui in Nevada state court to recover under the contract, and he removed the case to this court.

Sriqui, a Florida resident, now moves to dismiss the casino's claims, arguing that the contract's forum-selection clause is unenforceable, stripping this court of personal jurisdiction over him.[3] I deny the motion because Sriqui has failed to present any evidence that would prevent enforcement of the forum-selection clause. And because I find that the clause is enforceable, I need not and do not reach Sriqui's remaining personal-jurisdiction and forum non conveniens arguments.[4]

---

[1] ECF No. 4 at 7 ¶¶ 5–7, 9, 22–24.

[2] *Id.* at ¶ 10.

[3] ECF No. 5.

[4] *See Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 458 (9th Cir. 2007) ("Under general contract principles, a forum[-]selection clause may give rise to waiver of objections to personal jurisdiction, provided that the defendant agrees to be so bound." (citation omitted)).

**Discussion**

**I.      The forum-selection clause is enforceable.**

Sriqui argues that the forum-selection clause that he signed is unenforceable because the contract was offered on a "take-it-or-leave-it" basis. He adds that enforcing the clause would offend the public policy of Nevada because its enforcement would deprive him his day in court. This argument, which undergirds Sriqui's motion, depends on his ability to demonstrate that the clause is invalid. But he's offered nothing more than his conclusory statements in his motion and has failed to show that the clause is unenforceable.

Federal law governs the enforceability of forum-selection clauses.[5] In resolving a motion to dismiss under Federal Rule of Civil Procedure 12(b)(3), a court may "consider facts outside the pleadings."[6] Under federal law, a contract's forum-selection clause is presumptively valid "absent a strong showing that it should be set aside."[7] There are three scenarios that can overcome this presumption: (1) the clause is a "product of fraud or overreaching," (2) "the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced," or (3) enforcement would violate a "strong public policy" of the forum state.[8] While Sriqui implies that the forum-selection clause is invalid under all three scenarios, he fails to establish that any of them exists here.

---

[5] *Petersen v. Boeing Co.*, 715 F.3d 276, 280 (9th Cir. 2013) (citing *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988)).

[6] *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996).

[7] *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972); *Gemini Techs., Inc. v. Smith & Wesson Corp.*, 931 F.3d 911, 914 (9th Cir. 2019).

[8] *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004) (quoting *Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir. 1998)).

### A. Sriqui hasn't demonstrated that Baluma procured the forum-selection clause through fraud or overreaching.

"To establish the invalidity of a forum[-]selection clause on the basis of fraud or overreaching, the party resisting enforcement must show that the *inclusion of that clause in the contract* was the product of fraud or coercion."[9] Courts routinely find that mere disparate bargaining power between the parties and the inability to negotiate the clause are insufficient to invalidate a forum-selection clause.[10] In *Murphy v. Schneider National, Inc.*, for example, the Ninth Circuit held that, despite evidence that an employee was unable to freely negotiate a forum-selection clause, the employee's "assertions reduce to a claim of power differential and non-negotiability," which was "not enough to overcome the strong presumption in favor of enforcing forum[-]selection clauses."[11] Similarly, in the ticket-purchase context, the Supreme Court in *Carnival Cruise Lines, Inc. v. Shute* upheld a forum-selection clause within a form contract, rejecting the argument "that a non[-]negotiated forum-selection clause in a form ticket contract is never enforceable simply because it is not the subject of bargaining."[12] Not only does Sriqui offer nothing more than conclusory assertions that he couldn't negotiate the forum-selection clause before signing it, but even assuming that's the case, unequal bargaining power over a form contract is insufficient to demonstrate that the casino fraudulently included the clause.[13] Sriqui's broad assertions are thus insufficient to demonstrate that the casino included the forum-selection clause fraudulently or by overreaching.

---

[9] *Petersen*, 715 F.3d at 282 (quotation marks omitted) (emphasis in original).

[10] *Murphy*, 362 F.3d at 1141.

[11] *Id.*

[12] *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593 (1991).

[13] Generally, when a party seeks to enforce a forum-selection clause under Rule 12(b)(3), factual disputes and reasonable inferences are drawn in the non-moving party's favor. *Murphy*, 362

**B.     Sriqui hasn't shown that he would be deprived of his day in court.**

Sriqui also argues that enforcing the forum-selection clause would be so burdensome as to "tak[e] away his day in court."[14] But this is a "heavy burden," requiring a showing that trial in the forum "would be so difficult and inconvenient that [he] would effectively be denied a meaningful day in court."[15] To do so, Sriqui must present more than mere speculation and "general and conclusory allegations of fraud and inconvenience" even where a forum-selection clause is "troubl[ing]."[16] For example, in *Spradlin v. Lear Siegler Management Services*, the Ninth Circuit "reluctantly" upheld a forum-selection clause where a litigant failed to provide "*any* facts" about the inconvenience and "failed even to offer any specific allegations as to travel costs, availability of counsel in [the forum], location of witnesses, or his financial ability to bear such costs and inconvenience."[17] Like the *Spradlin* litigant, Sriqui has offered only speculation from his attorneys that it would be challenging for him to defend himself out of his home state, that the relevant witnesses reside outside of Nevada, and that litigating here would be financially burdensome.[18] Sriqui hasn't provided any evidence or specific facts, however, that rise to the

---

F.3d at 1138. Sriqui suggests that the presumption should work in his favor because he is seeking to avoid enforcement and, as the *Murphy* court noted in dicta, "a party seeking to avoid enforcement" is entitled to the presumption. ECF No. 9 at 2 (citing *Murphy*, 362 F.3d at 1139). While normally a Rule 12(b)(3) motion is brought to enforce a forum-selection clause, Sriqui moves under Rule 12(b)(3) to avoid one. So he is both the moving party and the party seeking to avoid enforcement. But I need not resolve which party is entitled to the presumption here because Sriqui doesn't present any disputed facts or evidence to resolve in his favor.

[14] ECF No. 5 at 6.

[15] *Argueta*, 87 F.3d at 325 (quoting *Pelleport Invs., Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 281 (9th Cir. 1984)).

[16] *Spradlin*, 926 F.2d 865, 868–69 (9th Cir. 1991); *see also Manetti-Farrow, Inc*, 858 F.2d at 515.

[17] *Spradlin*, 926 F.2d at 869.

[18] *See* ECF No. 5 at 6.

4

level of a deprivation of his day in court in Nevada. Absent an evidentiary showing of true, severe inconvenience, I cannot disregard the forum-selection clause.

### C. Enforcing the forum-selection clause wouldn't offend Nevada public policy.

Finally, Sriqui argues that enforcing the forum-selection clause would offend Nevada's public policy—as announced in *Tandy Computer Leasing v. Terina's Pizza*[19]—of resolving cases on their merits because he would be "deprive[d]" "of his day in court." In *Tandy*, the Nevada Supreme Court disregarded a forum-selection clause because defending the lawsuit in a different forum would "probably cost more" "than to just cave in."[20] But *Tandy* involved a suit between a computer lessor and a local pizza joint, and the computer equipment at issue "was not very expensive."[21] The amount in controversy here is far more significant, and Sriqui offers nothing to suggest that this case presents the same concerns about acquiescence that troubled the *Tandy* court. Sriqui has thus failed to demonstrate that the cost of litigating in Nevada would be extensive enough that this case wouldn't be decided on its merits.

Plus, it wasn't the financial considerations alone that made the *Tandy* forum-selection clause unenforceable from a public-policy standpoint—it was also the provision's design.[22] The clause in *Tandy* was "buried on the very bottom of the back page," "in very fine print, in a paragraph labelled MISCELLANEOUS," far from the signature line, with "[n]othing on the front page" to indicate the presence of the "clause on the back page."[23] And the computer lessor's sales agent admitted that she never "advise[d] customers that they should read the back terms of

---

[19] *Tandy Comput. Leasing, Inc. v. Terina's Pizza, Inc.*, 784 P.2d 7 (Nev. 1989).
[20] *Id.* at 8.
[21] *Id.*
[22] *Id.*
[23] *Id.*

the lease agreement."[24] Our facts are materially distinguishable. Unlike the inconspicuous, hidden, back-page clause in *Tandy*, the forum-selection language in Sriqui's contract appears directly above his signature in the same font size as the other provisions.[25]

> Date: 06/19/2019
> Pay to the
> Order of  Baluma S.A. $100.000.- (One hundred thousand dollars)
>
> I authorize payee to complete any of the following items on this negotiable instrument: (1) any missing amounts; (2) a date; (3) the name, account number, and/or address, and branch of any bank or financial institution; and (4) any electronic coding of the above items. This information can be for the any account from which I may in the future have the right to withdraw funds, regardless of whether that account now exists, or whether I provided the information on the account to the payee. I acknowledge that I incurred the debt evidence by this instrument pursuant to a credit agreement that is subject to the laws of the state of Nevada. I agree that any dispute regarding or involving this instrument, the debt, or the payee shall be brought only in court, state or federal, in Nevada. I hereby submit to the jurisdiction of any court, state or federal, in Nevada. In addition to any amounts authorized by law, I agree to pay all cost of collection, including the payee's attorneys' fees and court costs. A credit instrument is identical to a personal check. Whether drawing or passing a credit instrument knowing there are insufficient funds in an account upon it may be drawn, or with the intent to defraud, in a crime in the State of Nevada, which may result in criminal prosecution.
>
> [signature]
> SIGNATURE

As the Nevada Supreme Court noted in *U.S. Home Corporation v. Michael Ballesteros Trust*, a clause that "is in the same size font as the other provisions" is not "fatally inconspicuous."[26] Sriqui has thus failed to make the case that this clause violates a strong public policy in Nevada.[27]

---

[24] *Id.*

[25] ECF No. 5 at 24.

[26] *U.S. Home Corp. v. Michael Ballesteros Trust*, 415 P.3d 32, 41 (Nev. 2018).

[27] Because the forum-selection clause is enforceable, I need not and do not reach Sriqui's argument that I should dismiss this case under the doctrine of forum non conveniens. But even if the clause were unenforceable, that doctrine doesn't apply to this situation because Sriqui could move to transfer to other available federal forums under 28 U.S.C. § 1404(a). *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430 (2007) ("The common-

**Conclusion**

IT IS THEREFORE ORDERED that Sriqui's motion to dismiss **[ECF No. 5]** is **DENIED**.

                                              _____
                                              U.S. District Judge Jennifer A. Dorsey
                                              February 1, 2021

---

law doctrine of forum non conveniens 'has continuing application [in federal courts] only in cases where the alternative forum is abroad,' and perhaps in rare instances where a state or territorial court serves litigational convenience best." (quoting *Am. Dredging Co. v. Miller*, 510 U.S. 443, 449 n.2 (1994)). And if Sriqui seeks dismissal so this case can be litigated in the Florida state courts, he hasn't demonstrated that those courts are adequate because, under Florida law, gambling debts are unenforceable. *Young v. Sands, Inc.*, 122 So.2d 618, 619 (Fla. Dist. Ct. App. 1960).